# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| O'KEEFE MEDIA GROUP, LLC<br>P.O. Box 717<br>Westwood, NJ 07675<br><br>and<br><br>JOHN DOE[1],<br><br>    *Plaintiffs*,<br><br>v.<br><br>JOSH GREEN, in his official capacity as Governor of the State of Hawaii and the COUNTY OF MAUI,<br><br>    *Defendants*. | Civil Action No: 1:23-cv-381<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**<br><br>JURY TRIAL DEMANDED |

Plaintiffs O'Keefe Media Group, LLC ("OMG") and John Doe ("Plaintiff"), by and through undersigned counsel, file this Complaint seeking declaratory and permanent injunctive relief against Defendants Josh Green, in his official capacity as Governor of the State of Hawaii ("Governor Green") and the County of Maui ("Maui County) (collectively, "Defendants") on the grounds set forth as follows:

## OVERVIEW OF THE ACTION

> *"Secrecy in government is fundamentally anti-democratic, perpetuating bureaucratic errors. Open debate and discussion of public issues are vital to our national health. On public questions there should be uninhibited, robust, and wide-open debate."* – U.S. Supreme Court Justice, William O. Douglass

---

[1] Plaintiff John Doe has contemporaneously moved this Court to proceed pseudonymously with the filing of this Complaint.

This action is brought to obtain an order against Hawaii Governor, Josh Green, prohibiting him from unilaterally criminalizing the fundamental rights of free speech and a free press to which Plaintiffs are guaranteed under both, the United States and Hawaii Constitutions.

On or about September 1, 2023, Plaintiff John Doe took photographs as he reported on the while walking along the Bypass between Kihei and Lahaina. Despite John Doe's well-established First Amendment right to report on matters of public concern, Maui County, by and through its Sheriff's Department ("MCSD"), criminally charged John Doe for his journalism.

MCSD officials informed John Doe that it was not a law, but rather, the "Emergency Proclamations" Governor Green had issued regarding the Maui wildfires that made his engagement in constitutionally protected First Amendment activity a crime.

Upon learning that Governor Green had circumvented the Hawaiian legislature and unilaterally criminalized the constitutional right to a free press, Plaintiff O'Keefe Media Group ("OMG") sought out to obtain clarification on this blatant affront to the rights of John Doe and all Hawaiians who desperately seek answers to the ever-increasing number of questions they have concerning the handling of the response efforts to the fires and their future lives on the island.

On or about September 12, 2023, OMG asked Maui County officials whether it still had a right to report on matters of public concern. In response, MCSD advised that the "Emergency Proclamations" issued by Governor Green made it a crime to take photographs, even though such activity, as MCSD conceded, falls squarely within the rights afforded by the First Amendment to the U.S. Constitution.

When asked what law gives the Governor the authority to criminalize the First Amendment, MCSD cited HRS § 127A-29(a), *Emergency period infractions, violations, petty misdemeanors, and misdemeanors*—which states in pertinent part:

> Any person violating **any rule of the governor** . . . prescribed and adopted pursuant to this chapter and having the force and effect of law shall, if it shall be so stated and designated in the rule, be guilty of a violation, petty misdemeanor, or misdemeanor. The governor or mayor may state and designate the penalty applicable to the offense; provided that if a penalty is not stated and designated, the person shall be sentenced in accordance with chapter 706. **If the offense and penalty are not stated and designated in the rule**, the person shall be guilty of a misdemeanor and upon conviction, the person shall be fined no more than $2,000, imprisoned no more than one year, or both.

*Id.* (emphasis added). But Governor Green does not have the authority to promulgate his own rules, and even if he did, any rule he issues must not run afoul of the rights guaranteed under the United States Constitution pursuant to the Supremacy Clause and the preemption doctrine.

Even worse, to the extent HRS § 127A-29(a) somehow does vest Governor Green with authority to unilaterally promulgate his own rules, he must do so within the confines of the Due Process Clause of the Fourteenth Amendment, which states:

3

> No State shall make or enforce any **law** which shall abridge the privileges or immunities of citizens of the United States; **nor shall any State deprive any person of life, liberty, or property, without due process of law**; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV (emphasis added). Notwithstanding the conflict that exists between the State of Hawaii's criminalization of First Amendment activity and the First Amendment to the U.S. Constitution, HRS § 127A-29(a) also violates the vagueness doctrine of the Fourteenth Amendment to the United States Constitution as the statute with which John Doe was charged fails to state explicitly and in definite terms what conduct is punishable. And whereas a criminal law fails to do, the Court must strike that law and hold that it is void for vagueness as a matter of law. In short, John Doe is entitled to have fair notice of what conduct is punishable and what conduct is not punishable. It is not subject to reasonable dispute that HRS § 127A-29(a) unequivocally fails to provide John Doe of fair notice.

Boiled down to its essence, this action seeks declaratory and injunctive relief on three (3) grounds:

*First*, Plaintiffs seek a declaratory judgment that finds unconstitutional any proclamation or statute that criminalizes First Amendment protected activity and strikes HRS § 127A-13(a)(6);

*Second*, Plaintiffs seek a declaratory judgment holding that HRS §127A-29(a) is unconstitutional, in that it fails to provide Plaintiffs fair notice as to the conduct it

prohibits and as required by the Due Process protections of the Fourteenth Amendment to the United States Constitution.

And *third*, Plaintiffs seek permanent injunctive relief that bars Defendants from (1) enforcing any law, rule, proclamation, statute, or ordinance that deprives Plaintiffs of their First Amendment rights to free speech and a free press, and (2) prohibits Defendants from criminally charging any person under HRS 127A-29(a) as the statute is unconstitutional both, on its face and as applied, in that it is overbroad, vague, and runs afoul of the guarantees to which Plaintiffs and all Americans alike are entitled under the Due Process clause of the Fourteenth Amendment to the United States Constitution.

## THE PARTIES

1. Plaintiff O'Keefe Media Group ("OMG") is an independent media outlet and reporting network incorporated under the laws of New Jersey that provides nationwide coverage of matters of public concern and topics of significant public interest, such as *inter alia* the government response to the 2023 Maui wildfires. As mission-driven journalists who seek to empower citizens to become investigative reports through the proliferation of hidden cameras and educational classes on ethical reporting and journalistic integrity, OMG is entitled to First Amendment protections, including the fundamental right to free speech and freedom of the press––both of which OMG has been deprived of by the conduct complained of herein.

2. Plaintiff John Doe ("John Doe") is an adult resident of the State of Hawaii and resident of Maui who at all times relevant, acted as a citizen journalist reporting on the aftermath of the Maui wildfires and the manner in which government officials handled the devastation that tore through the town of Lahaina. As a direct and proximate result of his engagement in his constitutionally protected rights to free speech and free press, Defendants criminally charged John Doe in violation of the First and Fourteenth Amendments to the United States Constitution.

3. Defendant Josh Green is the Governor of Hawaii. Defendant Green has final decision-making authority as Governor and promulgated the proclamations challenged herein. At all times relevant, Defendant Green is and has been responsible for the issuance of numerous unconstitutional emergency proclamations related to the Maui wildfires, among which included the unilateral criminalization of activity that is protected by the Constitutions of the United States and the State of Hawaii. Defendant Green is sued in his official capacity.

4. Defendant County of Maui ("Maui County") is a municipal corporation and governing body of the island of Maui and the entity responsible for its sub-agencies and departments, including *inter alia* MCSD. Maui County is duly incorporated pursuant to the laws of the State of Hawaii and Maui County exists and conducts business in the State of Hawaii.

//

//

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1337(a). This is a civil action arising under the Constitution of the United States and laws of the United States of America. This Court has jurisdiction to issue declaratory relief under 28 U.S.C. § 2201.

6. This Court has supplemental jurisdiction over Plaintiff's claims arising under the Constitution of the State of Hawaii pursuant to 28 U.S.C. § 1367, in that such claims are so closely related to Plaintiff's federal claims providing the basis for this Court's original jurisdiction as to satisfy the same case or controversy requirement prescribed by Article III of the United States Constitution.

7. Venue is proper in this court under 28 U.S.C. §§ 139l(b) and (c) because Defendant resides in this judicial district and because the alleged events giving rise to the dispute between the parties arose in this judicial district, and the actions to be enjoined would otherwise occur in this judicial district.

## STATEMENT OF FACTS

8. On August 8, 2023, tragedy struck the island of Maui as wildfires tore through the historic city of Lahaina. Throughout the days that followed, the fire destroyed everything in its path—including the city of Lahaina. The wind-driven fires prompted evacuations, caused widespread damage, killed at least 115 people, and left more than a thousand missing.

7

9. That same day, Hawaii's Acting Governor Sylvia Luke ("Acting Gov. Luke") declared a state of emergency through the first emergency Proclamation because of the wildfire.

10. On August 9, 2023, Acting Gov. Luke issued a second Proclamation extending the emergency declaration, and then a third proclamation related to the same.

11. On August 10, 2023, Governor Green issued his first, and the fourth overall, Proclamation relating to the wildfire. Governor Green subsequently issued a fifth Proclamation on August 13th, a sixth Proclamation on August 19th, and a seventh Proclamation on September 8th, respectively.

12. Of the seven (7) Proclamations issued, not one adopts, modifies, or invokes a lawfully enacted rule, ordinance, law, or statute that lawfully prohibits Plaintiffs from enjoying their First Amendment rights to free speech and participate in a free press.

13. Despite this, on or about September 1, 2023, MCSD cited John Doe after he snapped a few photos of public land, while on public land.

14. HRS § 127A-13(a)(6) permits the Governor to suspend "media electronic transmissions." This specific portion of the statute is vague, overbroad, arbitrary, and in direct violation of the First Amendment and HI Const. art I. §4. Because it criminalizes conduct that Defendants are prohibited from abridging absent a

compelling governmental interest: freedom of the press, freedom of speech, and the freedom to peaceably assemble.

15. At the time Plaintiff Doe was criminally charged, he was exercising his constitutionally protected right to participate in a free press. As a citizen journalist, Plaintiff was permitted to take photographs of public property, from public property, and report on matters of public concern, including the extent of the unprecedented devastation caused by the 2023 Maui wildfires.

16. At no time did Plaintiff enter into any area(s) from which he was lawfully prohibited from entering, nor did Plaintiff ever step foot on private property.

17. At all times relevant, Plaintiff remained on public property and was not subject to any reasonable time, place, and manner restriction.

18. To the extent any time, place, and manner restriction(s) were in place, Plaintiff was not given notice, express or implied, of the existence of any restriction curtailing his First Amendment rights.

19. At all times relevant, Plaintiff maintained his vehicle in a place that in no way impeded or blocked traffic. Plaintiff's vehicle was far off to the side of the public roadway in an area frequented by passersby.

20. Still, Defendants charged Plaintiff with violating HRS §127A-29(a), which states in pertinent part:

> "Any person violating **any rule of the governor** or mayor prescribed and adopted pursuant to this chapter and having the force and effect of law shall, **if it shall be so stated**

9

**and designated in the rule**, be guilty of a violation, petty misdemeanor, or misdemeanor. The governor or mayor may state and designate the penalty applicable to the offense; provided that if a penalty is not stated and designated, the person shall be sentenced in accordance with chapter 706. *If the offense and penalty are not stated and designated in the rule, the person shall be guilty of a misdemeanor and upon conviction, the person shall be fined no more than $2,000, imprisoned no more than one year, or both*. In lieu of a violation, petty misdemeanor, or misdemeanor, the governor or mayor may state and designate the noncompliance of a rule as an emergency period infraction, as defined in section 291D-2. . .." [Emphasis Added].

21. HRS §127A-29(a) is unconstitutional on its face, as it does not state with any level of particularity or specificity the conduct it prohibits.

22. In response to learning about the criminal charge MCSD brought against John Doe, OMG reported to Maui County to investigate and cover the newsworthy story. Indeed, it is a matter of public concern when government officials such as Maui County and its Sheriff's Department criminalize the fundamental protections guaranteed under the First Amendment.

23. Unfortunately, OMG was informed that it could not take photographs of public property or else its reporters would face criminal charges, too.

24. Due to the threats and representations Defendants made, OMG, just as all other media outlets, was prohibited from exercising its constitutional right to freedom of the press.

## COUNT I

VIOLATION OF THE DUE PROCESS CLAUSE UNDER THE FOURTEENTH AMENDMENT, HI CONST. ART I. §5, AND ART. I. §2.

25. Plaintiff repeats and re-alleges every allegation above as though fully set forth herein.

26. Pursuant to HI Const. Art I. §2, "[a]ll persons are free by nature and are equal in their inherent and inalienable rights. Among these rights are the enjoyment of life, liberty and the pursuit of happiness, and the acquiring and possessing of property."

27. HRS §127A-29(a) is unlawful as applied because the Governor did not prescribe or adopt any rule through an Emergency Proclamation prohibiting the conduct Plaintiff is alleged to have engaged in.

28. Even if he did, the Governor did not issue any rule notifying Plaintiff that such conduct constitutes an infraction or criminal offense. Nor did any rule give Plaintiff notice that engaging in said conduct would subject him to criminal penalties such as a fine and/or imprisonment.

29. As such, HRS §127A-29(a) as applied, criminalizes conduct that is not a crime. That is, not even the Governor explicitly prohibited Plaintiff's conduct. The Governor did not classify any offense or a criminal penalty even if there were such a rule.

30. As such, HRS §127A-29(a) is unlawful and invalid here since it exists in a vacuum. HRS §127A-29(a) cannot be a basis to impose criminal liability since it

does not proscribe conduct subjecting an individual to a criminal penalty for engaging in. Thus, for HRS §127A-29(a) to be operative, there must be a nexus to a rule.

31. As applied here, no such nexus exists. Accordingly, it is unlawful and invalid as applied.

32. HRS §127A-29(a) further violates the Due Process Clause.

33. The Due Process Clause contained in HI Const. Art. I. §5 borrows the same language as the Fourteenth Amendment.

34. Under the Fourteenth Amendment "No person shall be deprived of life, liberty, or property without due process of law."

35. It is a fundamental principle of criminal law that a statute imposing criminal liability must be specific enough to provide notice as to the conduct prohibited, a requisite mental state (*mens rea*), and the penalty for engaging in the prohibited conduct.

36. HRS §127A-29(a) is per se unconstitutional because it is bereft of any notice. Even worse, it states that "if an offense and penalty are not stated and designated in the rule" a person is guilty of a crime and could be fined up to $2,000.00 and be imprisoned for a maximum of one year." This clause is abhorrent to due process and notions of fairness since it does not specify what conduct is punishable. How could the government impose criminal liability for engaging I conduct that it does not even classify as an offense? Even the most knowledgeable

citizen could be convicted of a crime that is not codified or specified to be an offense anywhere. Thus, this provision acts as a net that could snare citizens for engaging in lawful conduct. Just as Plaintiff did here.

37. Concisely put, the above clause allows the government to arbitrarily criminalize whatever conduct it wants. There are few things more antagonistic to a free society. Indeed, HRS §127A-29(a) eviscerates liberty itself.

38. As a direct and proximate result of the aforesaid complained of conduct, Plaintiffs have suffered, and continue to suffer, a governmental deprivation of their Fourteenth Amendment rights, which must be redressed through this Court's issuance of the entitled declaratory and injunctive relief.

## COUNT II
## VIOLATION OF THE FIRST AMENDMENT AND
## HI CONST. ART I. §4.

39. Plaintiff repeats and re-alleges every allegation above as though fully set forth herein.

40. Under the First Amendment and Hawai'i Constitution, the government is prohibited from passing any law ". . . abridging the freedom of speech or of the press or the right of the people peaceably to assemble."

41. HRS §127A-13(a)(6) is equally as dangerous insofar as it permits the Governor to suspend electronic media transmission. This provision is the antithesis to a society with a free press.

42. The First Amendment is a built in "check" on the Government because citizens can openly report government wrongdoing. The freedom of the press acts as a bright beacon of light. It is an essential mechanism through which Americans can hold the government directly accountable. Democracy dies in the darkness.

43. Prohibiting electronic media transmissions during a declared state of emergency cannot be reconciled with freedom of the press. To the contrary, it allows the Hawaiian government to operate from the shadows where it can hide from the people it serves.

44. Defendants provided no justification for prohibiting electronic media transmissions. Surely, the defendants cannot demonstrate that prohibiting electronic media transmissions is necessary to achieve its compelling interest of addressing the emergency caused by the wildfire.

45. The only beneficiary of prohibiting electronic media transmissions is a government trying to conceal its activity from the people it must report to. Which, in the context of responding to a natural disaster, strikes at the purpose of the First Amendment.

46. Alternatively, the State of Hawaii is pre-empted from prohibiting electronic media transmissions disseminated on the world wide web (Internet). Information published on the internet extends well beyond Hawaii. The State even tacitly acknowledges the federal government's absolute authority over electronic media transmissions because the statute requires that the prohibition be consistent

with federal law. That is, the statute recognizes that Hawaii's ability to prohibit electronic media transmission is subordinate to federal law.

47. In addition, Defendant's engaged in the exact type of conduct the First Amendment forbids.

48. Defendants criminalized the First Amendment.

49. Plaintiff was in a public place.

50. Plaintiff was taking pictures of the scene around him, from a place that he had an inalienable right to be in. Nothing more, nothing less.

51. Plaintiff was documenting the havoc wreaked by the wildfire.

52. The wildfire was a significant event of public importance.

53. Plaintiff intended on publishing the pictures to the public through the world wide web.

54. In modern society, anyone with a phone can become a journalist. Social media has further provided a platform for members of the public to report events and to disseminate information. Indeed, major news networks use social media platforms such as X (formerly known as Twitter).

55. As a direct and proximate result of the aforesaid complained of conduct, Plaintiffs have suffered, and continue to suffer, a governmental deprivation of their First Amendment rights, which must be redressed through this Court's issuance of the entitled declaratory and injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A.  Issue a declaratory judgment that finds unconstitutional any proclamation or statute that criminalizes First Amendment protected activity and strikes HRS § 127A-13(a)(6);

B.  Issue a declaratory judgment holding that HRS §127A-29(a) is unconstitutional, in that it fails to provide Plaintiffs fair notice as to the conduct it prohibits and as required by the Due Process protections of the Fourteenth Amendment to the United States Constitution;

C.  Permanently enjoin Defendants from (1) enforcing any law, rule, proclamation, statute, or ordinance that deprives Plaintiffs of their First Amendment rights to free speech and a free press, and (2) prohibits Defendants from criminally charging any person under HRS 127A-29(a) as the statute is unconstitutional both, on its face and as applied, in that it is overbroad, vague, and runs afoul of the guarantees to which Plaintiffs and all Americans alike are entitled under the Due Process clause of the Fourteenth Amendment to the United States Constitution;

D.  Award Attorney's Fees pursuant to 42 U.S.C. § 1988; and

E.  Award any further relief this Honorable Court deems necessary and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: This, the 14th day of September, 2023.

>Respectfully submitted,
>**O'KEEFE MEDIA GROUP and JOHN DOE**
>
>/S/ SHAWN A. LUIZ
>Shawn A. Luiz [HI Bar. No. 6855]
>LAW OFFICE OF SHAWN A. LUIZ
>841 Bishop St Suite 200
>Honolulu, HI 96813
>Tel: (808) 538-0500
>attorneyluiz@gmail.com
>
>/s/ MICHAEL A. YODER
>Michael A. Yoder* [DC1600519]
>Chad J. LaVeglia* [NY4985115]
>YODER LAVEGLIA LLP
>2001 L St NW, Suite 500
>Washington, D.C. 20036
>Tel: (202) 595-4504
>myoder@yoderlaveglia.com
>claveglia@yoderlaveglia.com
>*pro hac vice forthcoming
>
>*Counsel for Plaintiffs*

17