IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| O'KEEFE MEDIA GROUP, LLC. and JOHN DOE,<br><br>          Plaintiffs,<br><br>     vs.<br><br>JOSH GREEN, in his official capacity as Governor of the State of Hawaii and the COUNTY OF MAUI,<br><br>          Defendants. | CIVIL NO. CV 23-00381-LEK-WRP<br><br>MEMORANDUM IN SUPPORT OF MOTION |

895699_1

## TABLE OF CONTENTS

I.      INTRODUCTION .........................................................................1

II.     BACKGROUND ..........................................................................2

III.    LEGAL STANDARD ...................................................................3

IV.     ARGUMENT................................................................................6

        A.      The Eleventh Amendment Bars All Claims Against the Governor......6

                1.  The Governor is entitled to Eleventh Amendment immunity...............6

                2.  The Ex parte Young exception does not apply. ...................................8

                3.  Plaintiffs' claims arising from the Hawaii State Constitution are
                    likewise barred by the Eleventh Amendment. ...................................10

        B.      O'Keefe Media Group, LLC Lacks Article III Standing
                to Bring Suit ......................................................................11

        C.      Any Pre-enforcement Challenge Raised by OMG Lacks Ripeness....14

        E.      Younger Abstention is Applicable ....................................15

V.      CONCLUSION............................................................................17

## TABLE OF AUTHORITIES

CASES

Ariz. Students' Ass'n v. Ariz. Bd. of Regents,
   824 F.3d 858 (9th Cir. 2016) ...................................................6

Ashcroft v. Iqbal,
   556 U.S. 662, 129 S.Ct. 1937 (2009)....................................3, 4

Ass'n. of Am. R.R. v. Cal. Off. of Spill Prevention & Response,
   113 F.Supp. 3d 1052 (E.D. Cal. June 18, 2005)....................14

Borja v. Nago,
   No. 1:20-cv-00433-JAO-RT,
   2021 WL 4005990 (D. Haw. Sept. 2, 2021)..........................5

Bosh v. United States,
   831 F. App'x 834 (9th Cir. 2020) .........................................6

Branstetter v. Lorenzo,
   No. 1:20-cv-00573-HG-WRP,
   2021 WL 5568155 (D. Haw. Nov. 29, 2021)..........................7

Bristol v. Peters,
   No. 3:17-cv-00788-SB,
   2018 WL 6183274 (D. Or. Nov. 27, 2018) ...........................10

Casumpang v. International Longshoremen's & Warehousemen's Union,
   269 F.3d 1042 (9th Cir. 2001) ...........................................4, 5

Cardenas v. Anzai,
   311 F.3d 929 (9th Cir. 2002) ...............................................8

Cholla Ready Mix, Inc. v. Civish,
   382 F.3d 969, 973-974 (9th Cir. 2004)................................11

Ctr. for Biological Diversity v. Exp.-Imp. Bank of the United States,
   894 F.3d 1005 (9th Cir. 2018) ...........................................12

D'Agostino v. Arizona Dep't of Econ. Sec.,
    No. 2:21-cv-01292-SPL,
    2022 WL 3682003 (D. Ariz. Aug. 25, 2022) .......................................................8

Disability Rts. S.C. v. McMaster,
    24 F.4th 893 (4th Cir. 2022) .................................................................................12

Duke's Invs. LLC v. Char,
    No. CV 22-00385 JAO-RT,
    2023 WL 3166729 (D. Haw. Apr. 28, 2023)......................................................10

Ex parte Young,
    209 U.S. 123, 28 S.Ct. 441 (1908)..........................................................8, 9, 10

Flint v. Dennison,
    488 F.3d 816 (9th Cir. 2007) .................................................................................7

For Our Rights v. Ige,
    507 P.3d 531 (Ct. App. 2022)..............................................................................14

Grindling v. Hawaii,
    No. 1:18-cv-00495-JMS-RT,
    2019 WL 6255472 (D. Haw. Nov. 22, 2019) .......................................................6

Halbach v. Hyatt Corp.,
    No. 1:20-cv-00032-JAO-WRP,
    2020 WL 898508 (D. Haw. Feb. 24, 2020).........................................................5

Kingman v. Reef Atoll Investments, L.L.C. v. United States,
    541 F.3d 1189 (9th Cir. 2008) ..............................................................................4

Krainski v. Nevada ex rel. Bd. of Regents of the Nev. Sys. Of Higher Educ.,
    616 F.3d 963 (9th Cir. 2010) ............................................................................6, 7

Hawaii Coal. for Health v. Hawaii, Dep't of Hum. Servs.,
    576 F. Supp. 2d 1114 (D. Haw. 2008)..................................................................6

Hemsley v. Hawk,
    No. CV 23-00195 JAO-WRP,
    2023 WL 6378180 (D. Haw. Sept. 29, 2023)......................................................16

Hornish v. King Cnty.,
    899 F.3d 680 (9th Cir. 2018) .............................................................................11

K.W. ex rel. D.W. v. Armstrong,
    789 F.3d 962 (9th Cir. 2015) ...............................................................................6

Krainski v. Nevada ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.,
    616 F.3d 963 (9th Cir. 2010) ...........................................................................5, 7

Look v. Harris,
    No. 3:16-cv-05465-CRB,
    2017 WL 345992 (N.D. Cal. Jan. 24, 2017) .....................................................10

Los Angeles Cnty. Bar Ass'n v. Eu,
    979 F.2d 697 (9th Cir. 1992) ...............................................................................9

Lund v. Cowan,
    5 F.4th 964 (9th Cir. 2021) ..................................................................................9

Mecinas v. Hobbs,
    30 F.4th 890 (9th Cir. 2022) ..............................................................................12

Monet v. Hawaii,
    2011 WL 2446310 (D. Haw. June 14, 2011)......................................................4

Novak v. United States,
    795 F.3d 1012 (9th Cir. 2015) ...........................................................................12

Oyama v. Univ. of Hawaii,
    No. 1:12-cv-00137-HG-BMK,
    2013 WL 1767710 (D. Haw. Apr. 23, 2013)......................................................7

Papasan v. Allain,
    478 U.S. 265, 106 S.Ct. 2932 (1986)..................................................................7

Pennhurst State School & Hosp. v. Halderman,
    465 U.S. 89, 104 S.Ct. 900 (1984)....................................................................7, 10

Pistor v. Garcia,
    791 F.3d 1104 (9th Cir. 2015) .......................................................................7

Price v. Hawaii,
    764 F.2d 623 (9th Cir. 1985) .......................................................................11

Ritchie v. Nat'l Football League,
    No. 1:13-cv-00525-JMS-BMK,
    2014 WL 6980236 (D. Haw. Dec. 8, 2014)....................................................5, 6

Roberson v. Recktenwald,
    No. 1:22-cv-00186-JAO-WRP,
    2022 WL 3786828 (D. Haw. Aug. 30, 2022) ...................................................5

Safe Air for Everyone v. Meyer,
    373 F.3d 1035 (9th Cir. 2004) .......................................................................5

Sato v. Orange Cty. Dep't of Educ.,
    861 F.3d 923 (9th Cir. 2017) .......................................................................6

Seminole Tribe of Fla. v. Florida,
    517 U.S. 44, 116 S.Ct. 1114 (1996)................................................................6

Silva v. City & Cnty. of Honolulu,
    2017 WL 2801029 (D. Haw. June 28, 2017)....................................................11

Starr v. Baca,
    652 F.3d 1202 (9th Cir. 2011) .......................................................................4

Summit Med. Assocs., P.C. v. Pryor,
    180 F.3d 1326 (11th Cir. 1999) ....................................................................9, 10

Taylor v. City & Cnty. of Honolulu,
    No. CV 22-00013 HG-KJM,
    2023 WL 2753162 (D. Haw. Mar. 31, 2023) ...................................................11

Thomas v. Anchorage Equal Rights Com'n,
    220 F.3d 1134 (9th Cir. 2000) ............................................................................14

Wash. Envtl. Council v. Bellon,
    132 F.3d 1131 (9th Cir. 2013) ............................................................................12

White v. Lee,
    227 F.3d 1214 (9th Cir. 2000) ..............................................................................6

Will v. Mich. Dep't of State Police,
    491 U.S. 58, 109 S.Ct. 2304 (1989)......................................................................7

Young v. Hawaii,
    911 F. Supp. 2d 972 (D. Haw. 2012),
    *vacated and remanded on other grounds*, 45 F.4th 1087 (9th Cir. 2022)............9

Younger v. Harris,
    401 U.S. 37 (1971)...........................................................................1, 15, 16, 17

THE UNITED STATES CONSTITUTION

U.S. Const., art. III ...................................................................1, 6, 11, 14, 15

The First Amendment ..........................................................................3, 14

The Eleventh Amendment ........................................ 1, 4, 6, 7, 8, 9, 10, 11

The Fourteenth Amendment ..........................................................................3

FEDERAL STATUTES

42 U.S.C. § 1983 ...................................................................................2, 7, 11

42 U.S.C. § 1988 ..........................................................................................3

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 8 ...................................................................................4

Fed. R. Civ. P. 10(a) ...........................................................................16

Fed. R. Civ. P. 12(b)(1) ...............................................................3, 4, 5, 6

Fed. R. Civ. P. 12(b)(6) ..................................................................3, 4, 6

## HAWAII STATE CONSTITUTION

Haw. Const., art. I, § 2 .........................................................................3

Haw. Const., art. I, § 4 .........................................................................3

Haw. Const., art. I, § 5 .........................................................................3

## HAWAII REVISED STATUTES

Haw. Rev. Stat. § 91 ...........................................................................14

Haw. Rev. Stat. § 127A-12(d) .............................................................14

Haw. Rev. Stat. § 127A-13(a)(6) ............................................1, 3, 14, 15

Haw. Rev. Stat. § 127A-25 .............................................................13, 14

Haw. Rev. Stat. § 127A-29(a)..........................................1, 2, 3, 15, 16

<u>MEMORANDUM IN SUPPORT OF MOTION</u>

Defendant Josh Green ("Green", or "the Governor"), by and through his attorneys, Skyler G. Cruz and Isaac H. Ickes, Deputy Attorneys General, submits this memorandum in support of his motion to dismiss Plaintiffs O'Keefe Media Group, LLC. ("OMG") and John Doe's (collectively, "Plaintiffs") Complaint for Declaratory and Injunctive Relief, filed on September 14, 2023.  ECF No. 1.

I.    <u>INTRODUCTION</u>

In this action, Plaintiffs challenge the constitutionality of Hawaii Revised Statutes ("HRS") §§ 127A-13(a)(6) and 127A-29(a).  Plaintiffs bring claims under the United States Constitution and the Hawaii Constitution against Josh Green, in his official capacity as Governor of the State of Hawaii, and against the County of Maui ("Maui County").[1]  Plaintiffs allege both facial and as-applied challenges to the statutes at issue.

The Governor has filed this motion seeking dismissal as follows: (1) The Governor should be dismissed from this lawsuit with prejudice because the Eleventh Amendment bars all of Plaintiffs' claims against him; (2) OMG lacks Article III standing to bring suit; (3) OMG's pre-enforcement challenge is not ripe; and (4) the federal court should abstain under <u>Younger v. Harris</u>.[2]

---

[1] Plaintiffs' claims against Maui County are premised on alleged conduct of the Maui County Sheriff's Department, an agency that does not exist.
[2] 401 U.S. 37 (1971).

895699_1

II.    BACKGROUND

The operative pleading in this lawsuit is Plaintiffs' Complaint for Declaratory and Injunctive Relief ("Complaint"), filed September 14, 2023.  ECF 1.  In general, the claims in this case arise from Plaintiffs' alleged attempts to enter into and photograph the disaster area left behind in the wake of the Lahaina town wildfires.[3]  The Complaint alleges that on September 1, 2023, Plaintiff "John Doe" was criminally charged by the fictitious Maui County Sheriff's Department for violating HRS § 127A-29(a), after taking photographs somewhere "along the Bypass between Kihei and Lahaina."  ECF 1, at PageID 2, 9.  The Complaint further alleges that on September 12, 2023, Plaintiff OMG was informed by the fictitious Maui County Sheriff's Department[4] that through the issuance of Emergency Proclamations, the Governor "made it a crime to take photographs." Id., at PageID 2.  OMG also alleges that it was "informed that it could not take photographs of public property or else its reporters would face criminal charges, too."  Id., at PageID 10.

The Complaint alleges two causes of action, which can be summarized as follows:

---

[3] Although never specified in the body of the Complaint, it appears that Plaintiffs are bringing this federal lawsuit pursuant to 42 U.S.C. § 1983.

[4] Maui County's law enforcement agency is the Maui Police Department.  See https://www.mauicounty.gov/122/Police-Department (last visited Jan. 2, 2024).

- Count I alleges that HRS § 127A-29(a) is both unlawful as applied to John Doe and unconstitutional on its face, as it violates Article I, sections 2 and 5, of the Hawaii Constitution, and the Due Process Clause of the Fourteenth Amendment. Id., at PageID 11-13;

- Count II alleges that HRS § 127A-13(a)(6) is unconstitutional on its face, as it violates Article I, section 4, of the Hawaii Constitution, and the First Amendment. Id., at PageID 13-15;

Plaintiffs seek, *inter alia*, a declaratory judgment striking HRS § 127A-13(a)(6) as unconstitutional; a declaratory judgment holding HRS § 127A-29(A) as unconstitutional; injunctive relief; and attorneys fees under 42 U.S.C. § 1988.

III.   LEGAL STANDARD

Federal Rules of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]"  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).  This tenet – that the court must accept as true all of the allegations contained in the complaint – "is inapplicable to legal conclusions."  Id.  Accordingly, [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  In other words, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).  Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by FRCP Rule 8.  Iqbal, 556 U.S. at 679.

Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.[5]  The court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) "[u]nless the jurisdictional issue is inextricable from the merits of a case."  Kingman v. Reef Atoll Investments, L.L.C. v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008).  The moving party "should prevail [on a motion to dismiss] only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Casumpang v. International

---

[5] In the Ninth Circuit, "[i]t is not entirely clear whether an Eleventh Amendment challenge should be analyzed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction or under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." Monet v. Hawaii, 2011 WL 2446310, at *3 (D. Haw. June 14, 2011).  But, "whether the court examines Eleventh Amendment immunity under Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim makes no difference, as those standards are essentially the same for purposes of this motion." Id.

Longshoremen's & Warehousemen's Union, 269 F.3d 1042, 1060-61 (9th Cir. 2001).

"Under Federal Rule of Procedure ('FRCP') 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims alleged in the complaint." Borja v. Nago, No. 1:20-cv-00433-JAO-RT, 2021 WL 4005990, at *3 (D. Haw. Sept. 2, 2021). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." Ritchie v. Nat'l Football League, No. 1:13-cv-00525-JMS-BMK, 2014 WL 6980236, at *8 (D. Haw. Dec. 8, 2014) (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004)). In a facial jurisdictional attack like this, "[t]he court must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party when ruling on a motion to dismiss." Borja, 2021 WL 4005990, at *3 (quotation omitted). "However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss." Roberson v. Recktenwald, No. 1:22-cv-00186-JAO-WRP, 2022 WL 3786828, at *4 (D. Haw. Aug. 30, 2022) (citations omitted). "Federal courts are presumed to lack subject-matter jurisdiction, and the plaintiff bears the burden of establishing that subject-matter jurisdiction is proper." Halbach v. Hyatt Corp., No. 1:20-cv-00032-JAO-WRP, 2020 WL 898508, at *1 (D. Haw. Feb. 24, 2020).

"Because standing and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." Ritchie, 2014 WL 6980236, at *8 (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)). Additionally, "[a]n Eleventh Amendment sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." Grindling v. Hawaii, No. 1:18-cv-00495-JMS-RT, 2019 WL 6255472, at *3 (D. Haw. Nov. 22, 2019) (citing Sato v. Orange Cty. Dep't of Educ., 861 F.3d 923, 927 & n.2 (9th Cir. 2017)). "Dismissals for lack of subject matter jurisdiction ordinarily must be without prejudice." Bosh v. United States, 831 F. App'x 834, 834 n.1 (9th Cir. 2020) (unpublished).

IV.   ARGUMENT

A.   The Eleventh Amendment Bars All Claims Against the Governor.

1.   The Governor is entitled to Eleventh Amendment immunity.

"The Eleventh Amendment shields unconsenting states from suits in federal court." K.W. ex rel. D.W. v. Armstrong, 789 F.3d 962, 974 (9th Cir. 2015) (citing Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54, 116 S.Ct. 1114 (1996)). It bars individuals from bringing lawsuits against a state or an instrumentality of a state for monetary damages or other retrospective relief. See Ariz. Students' Ass'n. v. Ariz. Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016). Furthermore, it "applies

regardless of the nature of relief sought and extends to state instrumentalities and agencies." Krainski v. Nevada ex rel. Bd. of Regents of the Nev. Sys. Of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) (citing Papasan v. Allain, 478 U.S. 265, 275, 106 S.Ct. 2932 (1986)).[6]   Suits against state officials in their official capacities are likewise barred because they constitute suits against the state itself. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007).

Plaintiffs have sued the Governor in his official capacity.   Unless an exception to Eleventh Amendment immunity applies, "an officer sued in h[er] official capacity is entitled to forms of sovereign immunity that the entity, *qua* entity, may possess."   Pistor v. Garcia, 791 F.3d 1104, 1112 (9th Cir. 2015) (quotation omitted).  "The State of Hawaii has not waived its sovereign immunity from suit in federal court for civil rights actions," Branstetter v. Lorenzo, No. 1:20-cv-00573-HG-WRP, 2021 WL 5568155, at *4 (D. Haw. Nov. 29, 2021), and "Congress did not abrogate the States' Eleventh Amendment immunity when enacting 42 U.S.C. § 1983," Oyama v. Univ. of Hawaii, No. 1:12-cv-00137-HG-BMK, 2013 WL 1767710, at *6 (D. Haw. Apr. 23, 2013).  Thus, the Governor, as sued in his official capacity, is entitled to Eleventh Amendment immunity and dismissal is proper.

---

[6] See also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984).

### 2. The Ex parte Young exception does not apply.

An exception to Eleventh Amendment immunity is the Ex parte Young doctrine. A plaintiff may maintain a suit for prospective injunctive relief against a state official in his or her official capacity when that suit seeks to correct an ongoing violation of the Constitution or federal law.  Ex parte Young, 209 U.S. 123, 159-60, 28 S.Ct. 441, 454 (1908).  Whether the Ex parte Young doctrine applies turns on the question of whether the relief the plaintiff seeks is prospective, aimed at remedying an ongoing violation of federal law, or it is retrospective, aimed at remedying a past violation of the law.  Cardenas v. Anzai, 311 F.3d 929, 935 (9th Cir. 2002).

To fall within Ex parte Young, a plaintiff must meet their burden[7] to establish at least three criteria: (1) the alleged violation of federal law must be ongoing; (2) the action must be limited to prospective declaratory and injunctive relief; and (3) there must be a sufficiently close and direct enforcement nexus to the state official who is sued.

---

[7] A defendant bears "the initial burden of establishing their Eleventh Amendment defense[.]"  D'Agostino v. Arizona Dep't of Econ. Sec., No. 2:21-cv-01292-SPL, 2022 WL 3682003, at *2 (D. Ariz. Aug. 25, 2022).  That burden is satisfied because the Governor is a state official sued in his official capacity.  See ECF 1, at PageID 6.  "[O]nce that burden is met, the burden shifts to Plaintiff to demonstrate that an exception to Eleventh Amendment immunity applies."  D'Agostino, 2022 WL 3682003, at *2 (citation omitted).

Here, Plaintiffs have not alleged—and cannot establish—that the Governor is responsible for enforcing the challenged statutes.   As the Ninth Circuit has explained, under Ex parte Young "the state officer sued must have [a] fairly direct connection with the enforcement of the allegedly unconstitutional act." Los Angeles Cnty. Bar Ass'n v. Eu, 979 F.2d 697, 704 (9th Cir. 1992) (quotation omitted).   "[A] generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit."   Id.   "Broad generalizations, such as a governor or state attorney general's obligation to enforce all state laws, do not have a sufficient nexus for an Ex parte Young claim."   Young v. Hawaii, 911 F. Supp. 2d 972, 984 (D. Haw. 2012) (emphasis added), *vacated and remanded on other grounds*, 45 F.4th 1087 (9th Cir. 2022).

Moreover, the relief Plaintiffs seek is not prospective relief; rather, it is a request for retrospective declaratory relief.   "The Eleventh Amendment does not permit retrospective declaratory relief."   Lund v. Cowan, 5 F.4th 964, 969 (9th Cir. 2021).   When—as here—the declaratory relief sought "involve[s] past conduct and past harm," Id. at 970, rather than "serv[ing] directly to bring an end to a *present* violation of federal law," Id. (quotation omitted; emphasis added), the relief sought is retrospective in nature.   Cf. Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999) (because "the Ex parte Young doctrine applies only to

ongoing and continuous violations of federal law," "a plaintiff may not use the doctrine to adjudicate the legality of past conduct").[8]  Ex parte Young does not apply because there is no "ongoing" or "present" violation on the part of the Governor.

> "Indeed, *Ex parte Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law[.]"

Duke's Invs. LLC v. Char, No. CV 22-00385 JAO-RT, 2023 WL 3166729, at *10 (D. Haw. Apr. 28, 2023) (internal quotations omitted).  Plaintiffs offer no facts implicating an ongoing violation of federal law and therefore, the Ex parte Young exception does not apply.  Because the Ex parte Young exception does not apply, the Governor is entitled to Eleventh Amendment immunity and dismissal is proper.

> 3.  Plaintiffs' claims arising from the Hawaii State Constitution are likewise barred by the Eleventh Amendment.

The Eleventh Amendment bars suits in federal court against states on the basis of violations of state law.  Pennhurst, at 100 ("in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant

---

[8] See also Bristol v. Peters, No. 3:17-cv-00788-SB, 2018 WL 6183274, at *9 (D. Or. Nov. 27, 2018) ("The declaratory relief [plaintiff] seeks here—a declaration that the State Defendants violated the Fourteenth Amendment—is retrospective, not prospective.  As such, the Ex parte Young exception to Eleventh Amendment immunity does not apply."); Look v. Harris, No. 3:16-cv-05465-CRB, 2017 WL 345992, at *4 (N.D. Cal. Jan. 24, 2017) (dismissing claim for declaratory relief because the allegations related to the defendants' past actions).

is proscribed by the Eleventh Amendment.")  See also Cholla Ready Mix, Inc. v.
Civish, 382 F.3d 969, 973-974 (9th Cir. 2004) ("the Eleventh Amendment . . .
precludes the adjudication of pendent state law claims against nonconsenting state
defendants in federal courts."); Price v. Hawaii, 764 F.2d 623, 629 (9th Cir. 1985).
("The State of Hawaii has not waived its sovereign immunity from tort actions in
federal court.") "Violations of state law, including a state constitution, are not
cognizable pursuant to Section 1983." Taylor v. City & Cnty. of Honolulu, No. CV
22-00013 HG-KJM, 2023 WL 2753162, at *5 (D. Haw. Mar. 31, 2023); see also
Silva v. City and Cnty. of Honolulu, 2017 WL 2801029, at *9 (D. Haw. June 28,
2017).  Thus, Plaintiffs' claims arising from the Hawaii State Constitution fail as a
matter of law, and dismissal with prejudice is proper.

  B.   O'Keefe Media Group, LLC Lacks Article III Standing to Bring Suit.

    "A plaintiff seeking relief in federal court must establish the three elements
that constitute the 'irreducible constitutional minimum' of Article III standing."
Hornish v. King Cnty., 899 F.3d 680, 691-92 (9th Cir. 2018) (quotation and
alterations omitted).  "[T]he plaintiff must show (1) it has suffered an 'injury in
fact' that is (a) concrete and particularized and (b) actual or imminent, not
conjectural or hypothetical; (2) the injury is fairly traceable to the challenged
action of the defendant; and (3) it is likely, as opposed to merely speculative, that
the injury will be redressed by a favorable decision." Id. (quotation omitted).  "A

plaintiff must demonstrate standing for each claim he or she seeks to press and for each form of relief sought," Wash. Envtl. Council v. Bellon, 732 F.3d 1131, 1139 (9th Cir. 2013), and "the standing inquiry must be evaluated separately as to each defendant," Disability Rts. S.C. v. McMaster, 24 F.4th 893, 900 (4th Cir. 2022).

"To establish traceability, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Mecinas v. Hobbs, 30 F.4th 890, 899 (9th Cir. 2022). To satisfy redressability, "[p]laintiffs need not demonstrate that there is a guarantee that their injuries will be redressed by a favorable decision," but "they do need to show that there would be a change in a legal status as a consequence of a favorable decision and that a practical consequence of that change would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered." Novak v. United States, 795 F.3d 1012, 1019-20 (9th Cir. 2015) (quotations omitted). By contrast, a claim "lacks redressability if the plaintiff will nonetheless suffer the claimed injury if a court rules in its favor." Ctr. for Biological Diversity v. Exp.-Imp. Bank of the United States, 894 F.3d 1005, 1013 (9th Cir. 2018).

OMG has suffered no 'injury in fact' that is fairly traceable to any action of the Governor. At most, the Complaint alleges that the so-called Maui County

Sheriff's Department "advised [OMG] that the 'Emergency Proclamations' issued by Governor Green made it a crime to take photographs[.]"  ECF 1, at PageID 3. This alleged injury is speculative and based on mere conjecture and hypothesis. The Complaint also fails to allege what sections of what Emergency Proclamations issued by the Governor actually suspended electronic media transmission and, in fact, there are none.[9]  At most, any injury alleged to have been suffered would have resulted from the independent action of an unnamed and nebulous government official, not the Governor.  Thus, any alleged injury to OMG, even conjectural or hypothetical, cannot be fairly traceable to any action of the Governor.[10]

Notwithstanding that the Governor did not make any rules suspending electronic media transmission, Plaintiffs also erroneously alleges that "Governor Green does not have the authority to promulgate his own rules."  ECF 1, at PageID 3.  HRS § 127A-25 clearly states that "the governor may adopt rules for the State .

---

[9] Each of the Governor's Emergency Proclamations Relating to Wildfires are freely accessible to the public.  On September 12, 2023, the date of OMG's alleged inquiry to Maui County officials, the seventh such proclamation was in effect, the text of which contains nothing regarding suspension of electronic media transmission.
See https://dod.hawaii.gov/hiema/governor-green-issues-seventh-proclamation-relating-to-wildfires/ (accessed December 28, 2023).
[10] For these same reasons, Plaintiff John Doe likewise lacks standing to bring suit. On September 1, 2023, the date of John Doe's alleged citation, the sixth proclamation was in effect, the text of which contains absolutely nothing related to suspending electronic media transmission.
See https://dod.hawaii.gov/hiema/governor-green-issues-sixth-proclamation-relating-to-wildfires/ (accessed December 28, 2023).

. . which may, if so stated in the rules, have the force and effect of law."  See also

For Our Rights v. Ige, 507 P.3d 531, 540 (Ct. App. 2022) ("HRS § 127A-25

provides the Governor rule-making authority not subject to HRS chapter 91.")

Furthermore, media access in closed emergency zones is permitted under HRS §

127A-12(d).    Thus, Plaintiffs' claims that the Governor and/or HRS § 127A-

13(a)(6) are somehow responsible for the "criminalization of the First

Amendment" by forbidding the freedom of the press are simply wrong.    Thus,

Plaintiffs are unable to establish the elements necessary to confer Article III

standing, and dismissal is proper.

C.    Any Pre-enforcement Challenge Raised by OMG Lacks Ripeness.

Plaintiffs have failed to allege or establish the requisite elements for bringing

a pre-enforcement challenge to a state statute in federal court.    To bring such a

challenge, the Ninth Circuit requires the plaintiff to allege: (1) a concrete plan to

violate the law in question; (2) the communication of specific warning or threat to

initiate criminal proceedings; and (3) a history of past prosecution or enforcement

under the challenged statute.  See Thomas v. Anchorage Equal Rights Com'n, 220

F.3d 1134, 1139 (9th Cir. 2000) (en banc).   "A plaintiff must establish all three

elements in its favor in order to survive a motion to dismiss on ripeness grounds."

Ass'n. of Am. R.R. v. Cal. Off. of Spill Prevention & Response, 113 F.Supp. 3d

1052, 1058 (E.D. Cal. June 18, 2005).   By contrast, the "mere possibility of

criminal sanctions" does not satisfy the case or controversy requirement of Article III.

OMG has not and cannot allege that it had a concrete plan to violate a state criminal statute.  HRS § 127A-29(a) proscribes persons from "violating any rule of the governor . . . adopted pursuant to this chapter."  HRS § 127A-13(a)(6) grants the governor the power during a state of emergency "to the extent permitted by or under federal law, [to] suspend electronic media transmission."  However, no emergency proclamation issued by the Governor pertaining to wildfires ever did so.  OMG cannot have a concrete plan to violate a rule of the governor that is nonexistent. OMG also has not plead any specific warning or threat to initiate criminal proceedings.  At most, we are left with the purported vague and nebulous advisement to OMG by the imaginary Maui County Sheriff's Department.  ECF 1, at PageID 3.  Thus, because any pre-enforcement challenges brought by OMG are not ripe, dismissal as to OMG's claims is proper.

D.    Younger Abstention is Applicable.

Abstention under Younger v. Harris should be considered by the court here. Under Younger, a federal court is prohibited from enjoining a state criminal proceeding if the state court proceeding (1) is ongoing; (2) is a quasi-criminal enforcement action or involves a state's interest in enforcing the orders and judgments of its courts; (3) implicates important state interests; (4) provides an

adequate opportunity to raise federal challenges; and (5) would be enjoined by the federal court action or where the federal proceeding would have the practical effect of doing so, and no exception to <u>Younger</u> applies.  <u>See</u> <u>Hemsley v. Hawk</u>, No. CV 23-00195 JAO-WRP, 2023 WL 6378180, at *8–9 (D. Haw. Sept. 29, 2023).

To the extent that this lawsuit has been brought to interfere with the alleged criminal proceeding against John Doe, <u>Younger</u> abstention applies.  In this case, Plaintiff John Doe has elected to plead pseudonymously, without leave of court and in violation of Fed. R. Civ. P. 10(a).  John Doe alleges that he was cited for the alleged September 1, 2023 incident and subjected to criminal prosecution.  However, John Doe never mentions any result or outcome of any prosecution, whether prosecution is ongoing or closed, or indeed any criminal case number which would allow his allegations regarding the prosecution to be easily accessible or verifiable.  Within the four corners of his pleading, John Doe alleges that he has been criminally charged, and that is the end of the given information.

As to the other <u>Younger</u> factors, the State indeed has an important interest in maintaining the integrity of its court proceedings.  The State has an important interest in enforcing its own laws.  John Doe would not be precluded from raising any federal constitutional issues in his state court proceeding.  Plaintiffs seek to enjoin charging any persons under HRS § 127A-29(a), which would have the

effect of enjoining the state court proceedings. Thus, as plead by Plaintiffs, <u>Younger</u> abstention is warranted and dismissal is proper.

## V.   CONCLUSION

Based upon the foregoing, Defendant Josh Green respectfully requests that this Court grant his Motion to Dismiss with prejudice.

DATED:  Honolulu, Hawaii, January 2, 2024.

STATE OF HAWAII

ANNE E. LOPEZ
Attorney General of Hawaii

/s/ Isaac H. Ickes
SKYLER G. CRUZ
ISAAC H. ICKES
Deputy Attorneys General

Attorneys for Defendants
JOSH GREEN